IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DALTON EASLEY                                                                                    PLAINTIFF

      v.                       Civil No.  11-5040

SERGEANT QUILL; and
DEPUTY GULLY                                                                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Dalton Easley, filed this action pursuant to 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis*.

At the time he filed this case, Plaintiff was confined in the Benton County Detention Center (BCDC) in Bentonville, Arkansas.  Plaintiff was advised that he was required to immediately inform the Court of any changes in his address (Doc. 3).  He was advised that failure to inform the Court of an address change might result in the dismissal of the case (Doc. 3).

On September 9th, mail was returned as undeliverable from the BCDC.  Plaintiff did not advise the Court of the change in his address.  Court staff was able to determine Plaintiff had been transferred to the Arkansas Department of Correction and a change of address was entered on Plaintiff's behalf (Doc. 18).

On September 16th, Defendants filed a motion for summary judgment (Docs. 14-16). That same day, an order (Doc.17) was entered directing Plaintiff to complete an attached notice regarding the summary judgment motion.  The notice required Plaintiff to state whether he would

file a response to the summary judgment motion on his own or was requesting the Court's assistance by the preparation of a questionnaire.

Plaintiff was directed to return the attached notice by October 14th (Doc. 17). Plaintiff was advised (Doc. 17) that if he failed to return the attached notice by October 14th, the case would be subject to summary dismissal for failure to obey the order of this Court and failure to prosecute this action.

On November 4, 2011, a change of address (Doc. 21) was entered for Plaintiff. Plaintiff was given an extension of time until November 28, 2011, to return the summary judgment notice. To date, Plaintiff has not returned the notice or otherwise communicated with the Court. No mail has been returned as undeliverable.

I therefore recommend that this case be dismissed with prejudice based on Plaintiff's failure to obey the order of the Court and his failure to prosecute this action. Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of December 2011.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE